**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2565-23

AIYONNA DANIELS,

    Plaintiff-Appellant,

v.

CHAUNSA BUSSEY,

    Defendant-Respondent,

and

BETTY TAYLOR,

    Defendant.

_____

> Argued March 31, 2025 – Decided June 26, 2025
>
> Before Judges Sabatino and Jablonski.
>
> On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-1661-21.
>
> William D. Wright argued the cause for appellant (The Wright Law Firm, attorneys; William D. Wright and Angelica Berghoff, on the briefs).

Robert P. Stein argued the cause for respondent (Goldberg, Miller & Rubin, PC, attorneys; Robert P. Stein and Brandon R. Cohen, on the brief).

PER CURIAM

Tried before a jury, this negligence case arose from a motor vehicle accident in which the defendant driver struck plaintiff, a pedestrian, as she attempted to cross an intersection of a two-lane roadway with a four-lane throughfare within an area plaintiff characterized as an "unmarked crosswalk." Defendant disagreed with this designation and asserted it would be inappropriate for the jury to infer the existence of a crosswalk because the facts presented did not satisfy its definition. The jury found defendant was not negligent and the trial judge entered a no-cause judgment in defendant's favor.

Plaintiff appeals and focuses on a single and specific argument that the trial judge should have permitted the jury to consider the presence of an "unmarked crosswalk" at the pertinent intersection. Plaintiff argues she is entitled to a new trial because of this perceived error. We disagree, conclude that the trial judge correctly instructed the jury, and affirm.

I.

Plaintiff filed a complaint seeking damages for personal injuries caused by defendant's automobile when plaintiff walked through the T-intersection

2

formed by Levitt Parkway, a four-lane roadway, and Mainbridge Lane, a two-lane street, in Willingboro Township. The four lanes of Levitt Parkway are bisected by a grassy median. There is no sidewalk constructed through that median, nor on either side of it, nor does it appear that there is a marked crosswalk over Levitt Parkway from Mainbridge Lane. However, the record reveals that pedestrians similarly situated as plaintiff would be able to turn immediately to cross Mainbridge Lane in a double line marked crosswalk, walk down the sidewalk parallel to Levitt Parkway, and cross all four lanes on Levitt Parkway at a double-line marked crosswalk a very short distance from the original corner. Plaintiff did not follow that path. Rather, plaintiff, while walking on a sidewalk appurtenant to Mainbridge Lane, stepped off of that corner into an unmarked area and attempted to cross the four lanes of Levitt Parkway directly.

Based on these facts and in her pretrial memorandum, defendant requested the jury be provided with the following model charge: the "Duty of A Pedestrian When Crossing At A Point Other Than A Crosswalk." According to that charge:

> A pedestrian crossing at a point other than a crosswalk is charged with the duty to exercise for his/her own safety reasonable care commensurate with the risk of such crossing.

3

In determining whether such care was used you should consider the location involved, the existing state of the traffic, the observations made by the pedestrian before and during the crossing, the presence of obstructions to view (such as buildings, passing or parked cars, rain, fog and darkness) and from these and all other facts and circumstances present, determine whether the pedestrian in this case exercised the care required.

In addition to considering the general duty I have just described, you are required to consider the following statutory provisions that are part of our New Jersey Motor Vehicle Act. They are referred to in N.J.S.A. 39:4-34 and 39:4-36. N.J.S.A. 39:4-34 provides, in part, that:

> Where traffic is not controlled and directed either by a police officer or a traffic control signal, pedestrians shall cross the roadway within a crosswalk or, in the absence of a crosswalk, and where not otherwise prohibited, at right angles to the roadway. It shall be unlawful for a pedestrian to cross any highway having roadways separated by a medial barrier, except where provision is made for pedestrian crossing.

In addition, N.J.S.A. 39:4-36 provides, in part, that:

> [e]very pedestrian upon a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.

[Model Jury Charges (Civil), 5.32B, "Duty of A Pedestrian When Crossing At A Point Other Than A Crosswalk" (rev. Apr. 2002) (italicization omitted).]

The parties tried the matter before a jury. Before summations and following a lengthy jury charge conference, the trial judge spent substantial time discussing with the parties whether the accident occurred in an "unmarked crosswalk," or not, and addressing plaintiff's specific request that the trial court instruct permit the jury to consider the following additional model charge: "Duty of Drivers and Pedestrians Crossing at Marked or Unmarked Crosswalk." That requested charge reads:

In addition to considering the general duty [of an automobile driver to make observations], you are required to consider the following statutory provisions that involve pedestrians crossing at marked or unmarked crosswalks which are part of our New Jersey Motor Vehicle Act. They are referred to in N.J.S.A. 39:4-36 which provides, in part, that the driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within a marked crosswalk or within any unmarked crosswalk at an intersection.

The driver of a vehicle shall stop and remain stopped to allow a pedestrian to cross the road within a marked crosswalk when the pedestrian is upon, or within one lane of, "half of the roadway" upon which the vehicle is traveling or onto which it is turning. Half of the roadway means all traffic lanes conveying

5

traffic is one direction of travel and includes the entire width of a one-way roadway.

No pedestrian shall leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield or stop.

In the event of a collision between a vehicle and a pedestrian within a marked crosswalk, or at an unmarked crosswalk at an intersection, there shall be a permissive inference that the driver did not exercise due care for the safety of the pedestrian.

[Model Jury Charges (Civil), 5.32C, "Duty of Drivers and Pedestrians Crossing at Marked or Unmarked Crosswalk" (rev. Mar. 2021) (italicization omitted).]

Ruling plaintiff's request to consider the crossing as an "unmarked crosswalk" was neither factually nor legally supported by the evidence, the trial judge analyzed the statutory definition of a "crosswalk" under N.J.S.A. 39:1-1 as a definitional prerequisite to the charge. The judge noted a "marked" crosswalk may be constructed at "any portion of a highway at an intersection or elsewhere distinctly indicated for pedestrian crossing by lines or other markings on the surface." N.J.S.A. 39:1-1. On the other hand, a crossing may contain an "unmarked crosswalk" that might be implied to exist "in each approach of every roadway intersection, including within the connections of the lateral lines and the sidewalks on opposite sides of the highway, measured

from the curbs or in the absence of curbs, to the edge of the shoulder or if none, from the edges of the roadway." N.J.S.A. 39:1-1.

The parties agreed that the area under scrutiny where plaintiff crossed was not controlled by a "marked crosswalk." The parties disagreed, however, whether the intersecting portion of the roadway should be considered an "unmarked crosswalk." Noting this legal determination stemmed from a "very fact-specific inquiry," the judge observed initially the area in which the accident occurred was not defined with precision. The judge specifically noted "plaintiff's testimony was unclear on exactly where she was crossing" and the record was "very, very bare of details that would support a finding of an unmarked crosswalk."

Additionally, the judge observed "we don't have dimensions in evidence of the streets . . . [or] of any of the angles here" to define the geometric requirements of the "connections of the lateral lines and the sidewalks on opposite sides of the highway, measured from the curbs or in the absence of curbs, to the edge of the shoulder or if none, from the edges of the roadway." Therefore, even if the area was conclusively defined, it would not meet the legal definition of an unmarked crosswalk. Ultimately, the judge concluded

7

the testimony was not "specific enough to demonstrate that the plaintiff was actually in an unmarked [cross]walk" when she was struck.

The judge further observed that plaintiff's position, if accepted, might have unintended jurisprudential consequences: "[Y]ou could say . . . anytime there is not a marked crossing, there is always an unmarked crossing." The judge noted that he "did not think that's the law, and I'm not convinced it's the law, and I'm not convinced it should be the law." After considering the testimony and the lack of specificity as to where the accident occurred, "I think it would be inappropriate for me to infer an unmarked crossing."

Consequently, the judge instructed the jury as follows:

> [A] pedestrian crossing at a point other than a crosswalk is charged with a duty to exercise, for her own safety, reasonable care, commensurate with the risk of such crossing. In determining whether such care was used, you should consider the location involved, the existing state of the traffic, the observations made by the pedestrian before and during the crossing, the presence of obstructions to views, such as buildings, passing or parked car[s], rain[], fog[,] and darkness, and for these and all other facts and circumstances present, determine whether the pedestrian in this case exercised the care required.
>
> In addition to considering the general duty I have just described, you are required to consider the following statutory provisions that are part of our New Jersey Motor Vehicle Act. They are referred to in [N.J.S.A.] 39:4-34 and 39:4-36.

A-2565-23

N.J.S.A. 39:4-34 provides, in part, that:

"Where traffic is not controlled and directed either by a police officer or a traffic control signal, pedestrians shall cross the roadway within a crosswalk or, in the absence of a crosswalk, and where not otherwise prohibited, at right angles to the roadway."

In addition, N.J.S.A. 39:4-36 provides, in part, that: "[e]very pedestrian upon a roadway at any point other than within a . . . crosswalk . . . at an intersection shall yield the right-of-way to all vehicles upon the roadway." N.J.S.A. 39:4-36(a)(4). The statute further states: "Nothing contained herein shall relieve a driver from the duty to exercise due care for the safety of any pedestrian upon a roadway." N.J.S.A. 39:4-36(a)(5).

Both sides presented their summations, and the judge charged the jury. Neither counsel objected to the charge. Following its deliberations, the jury returned a verdict in favor of defendant finding defendant was not negligent. No post-trial applications were filed. This appeal ensued.

II.

On appeal, plaintiff argues that the trial judge misapplied discretion and committed harmful error by failing to instruct the jury that plaintiff was crossing the roadway in an unmarked crosswalk. As a result, plaintiff argues

9

we should reverse the judgment in favor of defendant and remand this matter for a new trial. We disagree.

"It is fundamental that '[a]ppropriate and proper charges to a jury are essential for a fair trial.'" Prioleau v. Ky. Fried Chicken, Inc., 223 N.J. 245, 256, (2015) (alteration in original) (quoting Velazquez ex rel. Velazquez v. Portadin, 163 N.J. 677, 688 (2000)). "[T]he jury charge should set forth in clear understandable language the law that applies to the issues in the case." Toto v. Ensuar, 196 N.J. 134, 144 (2008). "To accomplish these goals, the jury charge should be tailored to the specific facts of the case." Estate of Kotsovska ex rel. Kotsovska v. Liebman, 221 N.J. 568, 591-92 (2015). "As a general rule, [we] will not disturb a jury's verdict based on a trial court's instructional error 'where the charge, considered as a whole, adequately conveys the law and is unlikely to confuse or mislead the jury, even though part of the charge, standing alone, might be incorrect.'" Wade v. Kessler Inst., 172 N.J. 327, 341 (2002) (quoting Fischer v. Canario, 143 N.J. 235, 254 (1996)).

In light of these principles, we discern no error with the judge's legal determination that the intersection in which the accident occurred was not an

"unmarked crosswalk", nor was the judge incorrect in denying plaintiff's request for her requested jury instruction.

We agree with the trial judge's decision that the place where plaintiff was struck and injured was not an "unmarked crosswalk." According to the statute, for an area to legally be considered an unmarked crosswalk, there must be sidewalks on both sides of the street that run laterally. The word "lateral" means "from the side" or "side-to-side." Merriam-Webster's Collegiate Dictionary, 703 (11th ed. 2020). Therefore, to count as a crosswalk in the place where plaintiff crossed, sidewalks would need to be present on both sides of Levitt Parkway. In this case, there were no such indications. Because Levitt Parkway did not have the necessary constructed components, the statute does not permit the inference of an unmarked crosswalk at that location. The charge selected by the trial judge and provided to the jury was appropriate and reflected the factual reality.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

11                                                    A-2565-23